**Marguerite DeSelms**
**PO Box 84343**
**Los Angeles, CA 90073**
**310-427-1008 cell**
**margdeselms@gmail.com**
**Plaintiff In Pro Per**

PAID

APR - 5 2018

Clerk, US District Court
COURT 4612

FILED
CLERK, U.S. DISTRICT COURT

APR - 5 2018

CENTRAL DISTRICT OF CALIFORNIA
BY      DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MARGUERITE DESELMS,** | ED CV18-703- ODW (MRW) CASE NO. |
| Plaintiff, | |
| - *vs.* - | **COMPLAINT** |
| **BANK OF AMERICA, N.A., MTC FINANICAL INC. DBA TRUSTEE CORPS** | |
| Defendants | |

### JURY TRIAL DEMANDED

**COMES NOW**, the Plaintiffs, MARGUERITE DESELMS hereby sues the Defendants, BANK OF AMERICA, NA, and MTC FINANCIAL INC., DBA TRUSTEE CORPS; and alleges:

### NATURE OF THE ACTION

1. This is a civil action brought pursuant to 42 U.S.C. § 1983, 15 U.S.C. §1692k(d), the Fair Debt Collection Practices Act (FDCPA);   Truth In Lending Act 15 USC 1635 and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

PAGE - 1 -

2. The pendant State claims seeking compensatory and punitive damages and injunctive relief against Defendants for their violations of Plaintiffs civil rights under the, Fifth and Fourteenth Amendments to the Constitution of the United States and the Constitution of the STATE OF CALIFORNIA as well as for pendent state claims, including intentional infliction of emotional distress.

## JURISDICTION AND VENUE

3. This case arises under the United States Constitution and 42 U.S.C. §§ 1983, 1988.

4. This Court has jurisdiction over Plaintiff's Federal claims pursuant to 28 U.S.C. §§ 1331, 1343 and supplemental jurisdiction over Plaintiff's State claims pursuant to 28 U.S.C. § 1367.

5. This is also an action for injunctive relief and damages pursuant to 42 U.S.C. § 1983 based upon the continuing violations of Plaintiffs' rights under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution. Jurisdiction exists pursuant to 28 U.S.C. § 1331 and 1343 based on 42 U.S.C. §1983 and questions of federal constitutional law.

6. Jurisdiction also exists under the Declaratory Judgment Act, 28 U.S.C. §§ 2201(a) and 2202.

7. The declaratory and injunctive relief sought by Plaintiff is authorized by 28 U.S.C. §§ 2201, 2202, 42 U.S.C. § 1983 and Rule 57 of the Federal Rules of Civil Procedure.

PAGE - 2 -

8. Venue is proper in the Central District in that the events and conduct complained of herein all occurred in the Central District.

9. This Court is an appropriate venue for this cause of action pursuant to 28 U.S.C. §§ 1391(b)(l) and (b)(2) as the actions complained of took place in the BANK OF AMERICA, NA, in the County of SAN BERNARDINO, STATE OF CALIFORNIA, which is located in this judicial district, the Central District of California.

10. This Court has the authority to award costs and fees under 42 U.S.C. § 1988.

**PARTIES**

11. MARGUERITE DESELMS  resides in SAN BERNARDINO COUNTY, and the property which is the subject of this action is located at 3489 CIRCLE ROAD,  SAN BERNARDINO, CA.

12. Bank of America, NA will be served in accordance with Federal Code of Civil Procedure upon an Insured Depository Institution: Upon an insured depository institution, by mailing certified mail addressed to an officer of the institution unless the institution has appeared by its attorney, in which case the attorney may be served by first class mail, or the institution has waived in writing its entitlement to service by certified mail by designating an officer to receive service. Upon information and belief, Defendant Bank of America N.A. is a National Banking Association with a principal place of business at Bank of America Corporate Center, 100 N. Tryon Street, Charlotte, North

PAGE - 3 -

Carolina 28255. Upon information and belief, Defendant Bank of America N.A. is a wholly owned subsidiary of Defendant Bank of America Corp.

13.     Defendants are acting as a state entities acting with the power of non-judicial foreclosure whose employees acted at all times under color of state law in doing the acts complained of herein.

14.     That BONDCORP REALTY SERVICES INC., whose address is 2549 EASTBLUFF DR #350, NEWPORT BEACH, CA 92660

15.     Corporation Number C1839945, whose incorporation Date was 10/1/1992 committed heinous fraud in drafting the fraudulent note and mortgage, and then lost the original and fabricated a copy for recording. They designated as their agent for service of process the NATIONAL REGISTERED AGENTS, INC., 818 W SEVENTH ST STE 930, LOS ANGELES, CA 90017.

16.     **MTC FINANICAL INC. DBA TRUSTEE CORPS** is registered to do business in this state, and has designated as its agent for service of process, and whose Registration Date: was 06/30/1992, a CALIFORNIA Entity Type: DOMESTIC STOCK, with Agent for Service of Process: MARISOL NAGATA, 17100 GILLETTE AVE., IRVINE CA 92614 and whose business address is 17100 GILLETTE AVE., IRVINE CA 92614, and whose Entity Mailing Address is 17100 GILLETTE AVE., IRVINE CA 92614.

**FACTS COMMON TO ALL CAUSES OF ACTION**

PAGE - 4 -

17.     The Defendants were at all relevant times responsible for the actions which are the subject of this action, by means, under color of state law, to wrongfully foreclose and wrongfully attempt to foreclose on the Plaintiff's property, which is the subject of this action by means first of recording false documents in the official records, then by attempting to non-judicially foreclose using those fraudulent documents.

18.     As an actual and proximate cause of the use of fraudulently prepared, fraudulently recorded documents, the Plaintiff's US and State Constitutional rights to due process and equal protection are being violated, as the Defendants have consistently "gotten away with" the use of fraudulent documents in order to obtain the real and personal property belonging to the Plaintiff, without due process and all under the color of state law.

19.     That EXHIBIT 1- GRANT DEED DOC # 2006-0552509, 3489 CIRCLE ROAD, SAN BERNARDINO, CA 92405, RECORDED IN THE OFFICIAL RECORDS OF THE COUNTY OF SAN BERNARDINO, 8/14/2006.

20.     That EXHIBIT 2 is a DEED OF TRUST RECORDED ON 8/14/2006 IN THE OFFICIAL RECORDS OF SAN BERNARDINO COUNTY, DOCUMENT # 2006-0552510, LENDER IS CALIFORNIA CORPORATION AND BORROWER IS claimed to be MARGUERITE DESELMS.

PAGE - 5 -

21.    Bondcorp Realty Services Corporation, Inc.'s deed of trust is void as it was not supported by adequate consideration, was obtained under false pretenses, fabricated, and the original of the same is not in existence, and the copy that is recorded is not a true and correct copy of the original that was signed by the Plaintiff, and thus the copy that is on file is a forgery.

22.    That BONDCORP REALTY SERVICES INC., whose address is 2549 EASTBLUFF DR #350, NEWPORT BEACH, CA 92660

23.    Corporation Number C1839945, whose incorporation Date was 10/1/1992 committed heinous fraud in drafting the fraudulent note and mortgage, and then lost the original and fabricated a copy for recording.  They designated as their agent for service of process the NATIONAL REGISTERED AGENTS, INC., 818 W SEVENTH ST STE 930, LOS ANGELES,CA 90017.

24.    EXHIBIT 3 is a copy of a NOTE but it is not an authentic copy as the original note is lost or destroyed and it is clearly a fabricated document, and it is dated JULY 31ST, 2006.

25.    EXHIBIT 4 – NOTICE OF ASSIGNMENT, SALE OR TRANSFER OF SERVICING RIGHTS EFFECTIVE OCTOBER 1, 2006 TO COUNTRYWIDE HOME LOANS INC. SERVICER IS BONDCORP REALTY SERVICES INC.

26.    Said Exhibit 4 purports to assign the rights to collect the payments, but nothing is recorded at that time evidencing the same

PAGE - 6 -

and there is no recorded assignment of mortgage or note, and there is

no evidence the original note was transferred at that time.

27.     In fact, in 2010, Plaintiff was told by Bondcorp Realty that they

still had the original note and mortgage in their possession.

28.     The letter, therefore constitutes a misrepresentation of a

material fact, upon which the Plaintiff reasonably and justifiably

relied, sending money to Countrywide, who Plaintiff later found out

was NOT the actual owner and holder of the mortgage, and NOT the

loan servicer and not entitled to collect the money they billed to the

Plaintiff.

29.     That Bondcorp Realty Services, Inc. also sent a letter at that time

stating that the servicing rights were conveyed to Countrywide Home

loans, when, the true facts were, that the rights to collect under the

note and deed of trust were not conveyed, and that as late as 2010,

Bondcorp still had the note and mortgage and no recorded evidence of

a transfer of the servicing rights existed.

30.     The note and deed of trust do not state that the Plaintiff is

obligated to pay a servicer, but only the Lender, and the lender is the

holder and owner of the note and deed of trust, not any other entity.

31.     That Countrywide was at all relevant times herein, acting on

behalf of Defendant Bank of America, NA in committing the wrongful

acts alleged herein, and Bank of America acquired Countrywide and

accepted liability for Countrywide's conduct in so doing.

PAGE - 7 -

32.     EXHIBIT 5 is a SHORT FORM DEED OF TRUST AND ASSIGNMENT OF RENTS (INDIVIDUAL) DOCUMENT NUMBER 2010-0476658.

33.     EXHIBIT 6 is a SUBSTITUTION OF TRUSTEE AND FULL RECONVEYANCE, DOCUMENT # 2010-0475565, RECORDED IN THE OFFICIAL RECORDS OF SAN BERNARDINO COUNTY, ON November 17th, 2010.

34.     The deed of trust dated July 31st, 2006 has been fully satisfied and reconveyed to the Plaintiff under this document in 2010, and thus no further enforcement of the same could occur thereafter.

35.     EXHIBIT 7 is a GRANT DEED RECORDED IN THE OFFICIAL RECORDS OF SAN BERNARDINO COUNTY ON 11/17/2010, DOCUMENT NUMBER 2010-0476657.

36.     Said document conveys all interest in the subject property, free of any liens, to Plaintiff.

37.     EXHIBIT 8 is a BANK OF AMERICA NOTICE OF ASSIGNMENT, SALE OR TRANSFER OF SERVICING RIGHTS.

38.     Not only was there no documents in support for the false representations made in that letter dated April 24th, 2011, there was no loan to convey.

39.     EXHIBIT 9 – ASSIGNMENT OF DEED OF TRUST, RECORDED ON OCTOBER 7TH, 2011 IN THE OFFICIAL RECORDS OF COUNTY OF SAN BERNARDINO, MERS TO BONY ASSIGNMENT.

PAGE - 8 -

40.    Defendant, months after falsely representing that all interest was conveyed to Bank of America, they fabricated and then recorded an assignment of deed of trust.

41.    Edward Gallegos, falsely claiming to be an assistant secretary for MERS does not work as a secretary for MERS, nor is he employed by Mers, nor is he employed by Bank of New York Mellon, but is a Bank of America employee.

42.    Said document was forged and executed in California.

43.    California has strict statutes prohibiting the recording of false documents in the official records, and that constitutes a FELONY pursuant to Penal Code Section 487 et seq., and Penal Code Section 115 et seq.

44.    What's worse, is that according to the BANK OF NEW YORK MELLON, FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWALT, INC., ALTERNATIVE LOAN TRUST 2006-OC8, MORTGAGE PASS THROUGH CERTIFICATES 2006-OC8, the trust was closed in 2006, and could not hold the note and/or deed of trust, and further, Bank of America sued Bony Mellon over this specific mortgage and settled by agreeing to pay  Bank of America and/or Countrywide shall pay or cause to be paid eight billion five hundred million dollars ($8,500,000,000.00). see https://www.sec.gov/Archives/edgar/data/70858/00011931251117 6452/dex992.htm.

PAGE - 9 -

45.     That claim was specifically because the Institutional Investors have provided notice pursuant to certain of the Governing Agreements claiming failure by Bank of America and Countrywide, and affiliates, divisions, and subsidiaries thereof, to perform thereunder, and have alleged Mortgage Loan-servicing breaches and documentation defects against Bank of America and Countrywide, and affiliates, divisions, and subsidiaries thereof, and Bank of America Paid for the wrongdoings committed by Bank of America against Plaintiff for the acts complained of herein by the Plaintiff.

46.     As an actual and proximate cause of their entry into this agreement, Bank of America is COLLATERALLY ESTOPPED from asserting that they had committed wrongdoing against the Plaintiff in this case, having paid 8.5 billion dollars for the commission of those wrongs, and further cannot claim the Plaintiff is without standing to asset those wrongdoings, as the Plaintiff was the direct victim of that harm, and they agreed to pay the members of the trust, who also objected to the same exact treatment of the Plaintiff and were awarded for that harm.

47.     As a result of this agreement, Bank of America is COLLATERALLY ESTOPPED from asserting that the Plaintiff has no standing to object to the validity of the assignments.

48.     EXHIBIT 10 BOA NOTICE OF ASSIGNMENT, SALE OR TRANSFER OF SERVICING RIGHTS – NOVEMBER 23RD, 2011.

PAGE - 10 -

49.     Bank of America owned nothing it could transfer, including the

servicing rights.

50.     The Bank of America was not ever the holder and owner of the

note and deed of trust, and did not have the servicing rights as it falsely

claimed.

51.     Furthermore, Specialized Loan Servicing could not be the loan

servicer of the BANK OF NEW YORK MELLON, FKA THE BANK OF

NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF

CWALT, INC., ALTERNATIVE LOAN TRUST 2006-OC8, MORTGAGE

PASS THROUGH CERTIFICATES 2006-OC8.

52.     EXHIBIT 11 is a SUBSTITUTION OF TRUSTEE – RECORDED IN

THE OFFICIAL RECORDS OF SAN BERNARDINO, DOCUMENT #

2014-025564 – JULY 15TH, 2014.

53.     Similarly, the BANK OF NEW YORK MELLON, FKA THE BANK

OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF

CWALT, INC., ALTERNATIVE LOAN TRUST 2006-OC8, MORTGAGE

PASS THROUGH CERTIFICATES 2006-OC8 was not a lawful owner

and holder of the note and deed of trust, and therefore did not have

any power to substitute the trustee or take any further action

whatsoever.

54.     The trustee cannot be substituted as evidenced above, the bank

could not be a lawful holder of the note and deed of trust, as it was not

PAGE - 11 -

validly transferred, as the trust was closed, the servicing mishandled, and then Bank of America was sued and paid out 8.5 billion.

55.     The BANK OF NEW YORK MELLON, FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWALT, INC., ALTERNATIVE LOAN TRUST 2006-OC8, MORTGAGE PASS THROUGH CERTIFICATES 2006-0C8 was closed at the time of the purported conveyance and according to the law of the States of New York and of Delaware, which is, according to the terms of the PSA, and the incorporating documents are the states where the governing applicable law should be applied, not California.

56.     EXHIBIT 12 is a NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST, RECORDED IN THE OFFICIAL RECORDS OF SAN BERNARDINO, COUNTY, DOCUMENT NUMBER 2014-0255625, RECORDED ON JULY 15TH, 2014.

57.     EXHIBIT 13 is a NOTICE OF RESCISSION OF DECLARATION OF DEFAULT AND DEMAND FOR SALE AND NOTICE OF BREACH AND ELECTION TO SELL UNDER DEED OF TRUST, RECORDED IN THE OFFICIAL RECORDS OF SAN BERNARDINO COUNTY, DOCUMENT 2015-0042564 ON FEBRUARY 3RD, 2015.

58.     EXHIBIT 14 is a NOTICE OF DEFAULT RECORDED ON NOVEMBER 22ND, 2017 IN THE OFFICIAL RECORDS OF SAN BERNARDINO COUNTY, DOCUMENT 2017-0500430.

PAGE - 12 -

59.    There is a break in the chain of assignments or substitutions of trustees.

60.    There has never been a valid substitution of trustee to put BANK OF AMERICA, N.A., or MTC FINANICAL INC. DBA TRUSTEE CORPS as trustee in place of the last substituted trustee.

61.    There is ample case law establishing that the documents which purport to assign the mortgage are void.

62.    According to *ROMAN PINO v. THE BANK OF NEW YORK MELLON, FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWALT, INC., ALTERNATIVE LOAN TRUST 2006-OC8, MORTGAGE PASS THROUGH CERTIFICATES 2006-OC8,* SC11-697, the Defendant in that case was a purported recipient of the mortgage in the same manner as in the Florida Supreme Court case, and the premier case which blew up the mortgage industry in 2013.

63.    For the foregoing reasons, the notice of default is void, notice of sale is void, and the Defendant has no standing whatsoever to foreclose..

64.    EXHIBIT 15 is a GRANT DEED RECORDED ON JUNE 1, 2017, RECORDED IN THE OFFICIAL RECORDS OF SAN BERNARDINO COUNTY, 2017-0226015

65.    EXHIBIT 16 is a NOTICE OF TRUSTEE'S SALE - RECORDED ON MARCH 9TH, 2018, RECORDED IN THE OFFICIAL RECORDS OF SAN BERNARDINO COUNTY, 2018-0085594.

66.     The Notice falsely and fraudulently necessarily claims that the chain of assignments are valid, when the records, and even the landmark Florida case against this specific assignee, The BANK OF NEW YORK MELLON, FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWALT, INC., ALTERNATIVE LOAN TRUST 2006-OC8, MORTGAGE PASS THROUGH CERTIFICATES 2006-0C8, clearly shows that the Plaintiff was a victim of fraudulent preparation and recording of documents which are in direct violation of the PSA, the settlement agreement, and directly contrary to the laws of both the State of New York and Delaware.

67.     Even the trustee has never been validly appointed.

68.     This Court cannot enforce an illegal contract.

69.     Finally, allegations of an attorney's filing of fraudulent documents in connection with his or her client's lawsuit would warrant a referral of that attorney to The Florida Bar for a possible violation of the Code of Professional Responsibility.   See *ROMAN PINO v. THE BANK OF NEW YORK MELLON, FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWALT, INC., ALTERNATIVE LOAN TRUST 2006-OC8, MORTGAGE PASS THROUGH CERTIFICATES 2006-0C8,* SC11-697.

70.     That as an actual and proximate cause of the conduct of the Defendants, and each of them, and their purported predecessors in

PAGE - 14 -

interest, the Plaintiffs, have suffered damages in an amount according to proof, but in excess of $75,000.

71.    That the use of the non-judicial foreclosure process constitutes a taking under color of state law and is therefore both prohibited, unconstitutional, and as an actual and proximate cause of the same the Plaintiffs suffered damages according to proof and are intended to cause, and continue to cause severe emotional distress, anger, upset and grief, as intended or foreseeable by the Defendants and their Employees, officers and agents.

### FIRST CAUSE OF ACTION

### Damages for Taking under 42 U.S.C. § 1983.

72.    Plaintiffs incorporate paragraphs 1 – 71 inclusive herein as though set forth herein in full.

73.    That the improper and illegal use of the non-judicial foreclosure process constitutes an inverse condemnation of the Plaintiff's property which entitles the Plaintiff to Compensation under the 5th and 14th Amendments to the US Constitution.

74.    That the intentional recording of known fraudulently documents in the official records of this county constitutes an inverse condemnation of the Plaintiff's property which entitles the Plaintiff to Compensation under the 5th and 14th Amendments to the US Constitution.

PAGE - 15 -

75.     That as an actual and proximate cause of the same, the Plaintiff has suffered real monetary harm, emotional distress, trauma, upset, aggravation and grief, entitling the Plaintiffs to compensatory damages in an amount according to proof or three million dollars in the event of default by the Defendant for failure to respond.

76.     That as a result of the continued harassment, annoyance, which is continuing to the present, and will continue unless abated, the Plaintiff is entitled to a temporary restraining order, a preliminary injunction during the pendency of these proceedings, and permanent injunction and monetary damages and costs in an amount according to proof and such other and further relief as the court deems just and adequate.

77.     That Plaintiff seeks compensatory damages in an amount according to proof, but in the event of default, three million dollars; exemplary damages according to proof, in the amount of nine million dollars in the event of default, a temporary injunction, preliminary injunction during the pendency of these proceedings, and a permanent injunction, as well as costs of suit, including court costs and attorney's fees.

**SECOND CAUSE OF ACTION**

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

**PENDENT STATE CLAIM**

PAGE - 16 -

78.     Plaintiffs incorporate paragraphs 1 – 77 inclusive herein as though set forth herein in full.

79.     Defendants knew that their conduct would cause, and it was intended to cause the Plaintiff severe emotional distress when they willfully began a series of harassments and imposition of baseless non-judicial foreclosure tactics, all with fraudulent documents and in direct violation of *ROMAN PINO v. THE BANK OF NEW YORK MELLON, FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWALT, INC., ALTERNATIVE LOAN TRUST 2006-OC8, MORTGAGE PASS THROUGH CERTIFICATES 2006-OC8,* SC11-697, the Penal Code Section 487 et seq., and Penal Code Section 115 et seq., the PSA and the laws governing the same in both New York and Delaware.

80.     That the intention of the Defendants was to defraud the Plaintiff by fabricating foreclosure documents for the purpose of extorting funds from the Plaintiff under color of state law.

81.     That the conduct of the Defendants were intended to cause, and did cause the Plaintiffs to suffer severe emotional distress, anger, upset annoyance and financial harm.

82.     That the actual and proximate cause of the Defendants conduct as alleged herein was willful and malicious and as an actual and proximate cause of that conduct, the Plaintiff suffered damages in an

PAGE - 17 -

amount according to proof but in the event of default, three million dollars.

83.      That Plaintiff seeks compensatory damages in an amount according to proof, but in the event of default, three million dollars; exemplary damages according to proof, in the amount of nine million dollars in the event of default, a temporary injunction, preliminary injunction during the pendency of these proceedings, and a permanent injunction, as well as costs of suit, including court costs and attorney's fees.

## THIRD CAUSE OF ACTION

## EXTORTION

## PENDENT STATE CLAIM

84.      Plaintiffs incorporate paragraphs 1 – 83 inclusive herein as though set forth herein in full.

85.      That at all times, under color of state law, the Defendants, their employees, and purported predecessors in interest, were all acting in concert and on behalf of each of the other Defendants.

86.      That the conduct in instituting a non-judicial foreclosure without any lawful right to do so and demanding money all constitutes extortion.

87.      That said demands were made by the Defendants by means of the threat of an illegal act under color of state law.

PAGE - 18 -

88.    That the Court found that the intention of the Defendants was to harass the Plaintiffs due to her sex.

89.    That the Court in two prior cases found that the conduct of the Defendants and its predecessors were unlawful, and said conduct, including the use of fabricated documents, and then recording the same in the official records, were also intended to cause, and did cause the Plaintiffs to suffer severe emotional distress, anger, upset annoyance and financial harm.

90.    That the actual and proximate cause of the Defendants conduct as alleged herein was willful and malicious and as an actual and proximate cause of that conduct, the Plaintiff suffered damages in an amount according to proof but in the event of default, three million dollars and exemplary damages in the sum according to proof, or in the event of default, nine million dollars.

91.    That Plaintiff seeks compensatory damages in an amount according to proof, but in the event of default, three million dollars; exemplary damages according to proof, in the amount of nine million dollars in the event of default, a temporary injunction, preliminary injunction during the pendency of these proceedings, and a permanent injunction, as well as costs of suit, including court costs and attorney's fees.

92.    Wherefore the Plaintiff prays as follows:

## FOURTH CAUSE OF ACTION

**(VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA),**

**15 U.S.C. §1692 )**

**(As against MTC FINANICAL INC. DBA TRUSTEE CORPS AND BANK OF**

**AMERICA, NA)**

93.     Plaintiffs incorporate paragraphs 1 – 92 inclusive herein as though set forth herein in full.

94.     Plaintiff is a consumer within the meaning of the FDCPA, 15 U.S.C. §1692a(3).

95.     Defendants MTC FINANICAL INC. DBA TRUSTEE CORPS AND BANK OF AMERICA, NA are debt collectors within the meaning of the FDCPA, 15 U.S.C. §1692a(6).

96.     Defendants MTC FINANICAL INC. DBA TRUSTEE CORPS is NOT a validly appointed trustee, and thus not entitled to any statutory protection for trustees.

97.     MTC FINANICAL INC. DBA TRUSTEE CORPS AND BANK OF AMERICA, NA violated the FDCPA.

98.     Defendants' violations include, but are not limited to, the following:

   a. Defendant MTC FINANICAL INC. DBA TRUSTEE CORPS AND BANK OF AMERICA, NA violated 15 U.S.C. §1692d by engaging in conduct, the natural consequence of which is to harass, oppress, or abuse Plaintiff by attempting to collect a debt

PAGE - 20 -

without proper validation of debt as requested by Plaintiff via

Debt Validation letters (see Exhibit #1, 2, 3, and 4 )

b. Defendants engaged in false or misleading representations in

communications   or means in connection with the debt

collection, violating §1692e.

c. Defendant MTC FINANICAL INC. DBA TRUSTEE CORPS AND

BANK OF AMERICA, NA Violated 15 U.S.C. §1692e(2) by falsely

representing the character, amount, or legal status of an alleged

debt, by claiming standing to ownership of the disputed

property.

d. Defendant MTC FINANICAL INC. DBA TRUSTEE CORPS AND

BANK OF AMERICA, NA violated 15 U.S.C. §1692e(6) by

engaging in the sale or transfer of an interest in a debt that could

cause Plaintiff to lose her claim or defense to payment of the

debt, and by claiming ownership in title to Property, which

would be illegally obtained through an illegal trustee sale.

e. Defendant MTC FINANICAL INC. DBA TRUSTEE CORPS AND

BANK OF AMERICA, NA violated 15 U.S.C. §1692e(8) by

communicating or threatening to communicate to any person

credit information which is known or which should be known to

be false, including the failure to communicate that a disputed

debt is disputed.

PAGE - 21 -

f. Defendant MTC FINANICAL INC. DBA TRUSTEE CORPS AND BANK OF AMERICA, NA violated 15 U.S.C. §1692e(10) by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

g. Defendant MTC FINANICAL INC. DBA TRUSTEE CORPS AND BANK OF AMERICA, NA violated 15 U.S.C. §1692e(11) by the failure to disclose in any initial written communication with the consumer that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector.

h. Defendant MTC FINANICAL INC. DBA TRUSTEE CORPS AND BANK OF AMERICA, NA  violated 15 U.S.C. §1692f(1) by the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.  Plaintiff never had a contract with Defendants.

i. Defendant MTC FINANICAL INC. DBA TRUSTEE CORPS AND BANK OF AMERICA, NA violated 15 U.S.C. §1692f(6) by taking or threatening to unlawfully repossess or disable the Plaintiff's property.

PAGE - 22 -

j.  Defendant MTC FINANCIAL INC. DBA TRUSTEE CORPS AND BANK OF AMERICA, NA violated 15 U.S.C. §1692g by, within five days after the initial communication with Plaintiff in connection with the collection of any debt, failing to send Plaintiff a written notice containing a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

k.  **MTC FINANICAL INC. DBA TRUSTEE CORPS AND BANK OF AMERICA, NA** Violated § 1692 g(B) by Defendants, as Debt Collectors, failing to cease collection efforts until the debt was validated. Defendants never properly validated the alleged debt and Plaintiff wrote a letter indicating that along with a Notice of Intent to Sue (Exhibit #4).  Defendants sent an alleged Note and

Deed of Trust claiming security for the debt, yet the Defendants'

names were nowhere indicated on the alleged validation of debt

documents.

99.      That as an actual and proximate cause of the conduct of the

Defendants, and each of them, Plaintiff suffered damages and Plaintiff

seeks compensatory damages in an amount according to proof, but in

the event of default, three million dollars; exemplary damages

according to proof, in the amount of nine million dollars in the event

of default, a temporary injunction, preliminary injunction during the

pendency of these proceedings, and a permanent injunction, as well

as costs of suit, including court costs and attorney's fees.

100.     Wherefore the Plaintiff prays as follows:

## FIFTH CAUSE OF ACTION

## VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES

## ACT, *CAL. CIV. CODE §1788 ET SEQ.* (RFDCPA)

## (As against Defendant(s) MTC FINANICAL INC. DBA TRUSTEE CORPS

## AND BANK OF AMERICA, NA.

101.     Plaintiff alleges and incorporates the information in paragraphs

1 through 100.

102.     Plaintiff is a consumer within the meaning that is defined by *Cal.*

*Civ. Code § 1788.2(h* )

103.     Defendants are debt collectors within the meaning of §1788.2(c)

104.    Plaintiff has failed to comply with the requirements of California Civil Code ("CC") §§ 1788, *et seq.* In particular, Plaintiff has violated, among others, the following:

   a. CC § 1788.15(a): No debt collector shall collect or attempt to collect a consumer debt by means of judicial proceedings when the debt collector knows that service of process, where essential to jurisdiction over the debtor or his property, has not been legally effected.

   b. CC §1788.17: Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code. However, subsection (11) of Section 1692e and Section 1692g shall not apply to any person specified in paragraphs (A) and (B) of subsection (6) of Section 1692a of Title 15 of the United States Code or that person's principal.

   c. The references to federal codes in this section refer to those codes as they read January 1, 2001.

105.    Defendant violated *§1788.13(i)* by falsely representing the true nature of the business of the defendant by sending collection letters to Plaintiff that were vague and misleading.

PAGE - 25 -

106.    Defendant violated the *§1788.17* of the RFDCPA by
continuously failing to comply with the statutory regulations
contained within the FDCPA, *15 U.S.C. §1692 et seq.*

107.    Defendant violated *§1692d* of the FDCPA by engaging in
conduct the natural consequence of which is to harass, oppress, or
abuse the Plaintiff.

108.    That as an actual and proximate cause of the conduct of the
Defendants, and each of them, Plaintiff suffered damages and Plaintiff
seeks compensatory damages in an amount according to proof, but in
the event of default, three million dollars; exemplary damages
according to proof, in the amount of nine million dollars in the event
of default, a temporary injunction, preliminary injunction during the
pendency of these proceedings, and a permanent injunction, as well
as costs of suit, including court costs and attorney's fees.

## SIXTH CAUSE OF ACTION

## VIOLATION OF REAL ESTATE SETTLEMENT

## PROCEDURES ACT (RESPA), 12 U.S.C. §2605

## (As against Defendant(s) MTC FINANICAL INC. DBA TRUSTEE CORPS

## AND BANK OF AMERICA, NA

109.    Paragraphs 1 through 12 are realleged as though fully set forth
herein.

110.    Defendants claim to be the holder and owner of the subject
mortgage, or claim they are are servicers or agents for servicers of a

PAGE - 26 -

federally related mortgage loan within the meaning of the Real Estate

Settlement Procedures Act (RESPA), 12 U.S.C. §2605.

111.    Plaintiff's written requests for information about her account

and correction of Defendants' numerous errors were "qualified written

requests" within the meaning of RESPA.

112.    Defendants deliberately failed to respond in a proper and timely

way to Plaintiff's "qualified written requests" for information about,

and corrections to, the alleged mortgage account, in violation of 12

U.S.C. §2605(e).

113.    That as an actual and proximate cause of the conduct of the

Defendants, and each of them, Plaintiff suffered damages and Plaintiff

seeks compensatory damages in an amount according to proof, but in

the event of default, three million dollars; exemplary damages

according to proof, in the amount of nine million dollars in the event

of default, a temporary injunction, preliminary injunction during the

pendency of these proceedings, and a permanent injunction, as well

as costs of suit, including court costs and attorney's fees.

## SEVENTH CAUSE OF ACTION

## VIOLATION OF CALIFORNIA CODE OF CIVIL PROCEDURE 336a,

## STATUTE OF LIMITATIONS HAS EXPIRED

## (As against Defendant(s) MTC FINANICAL INC. DBA TRUSTEE CORPS

## AND BANK OF AMERICA, NA

114.     Paragraphs 1 through 113 are realleged as though fully set forth herein.

115.     According to the documents recorded in the official record, and the first notice of default, more than six years have lapsed and there is a claim that no payment was made at that time, and there has been no payment to any entity who is entitled to recover under the note and deed of trust in more than four years,

116.     Plaintiff has no claim nor standing in this matter as a result of the Statute of Limitations running out August 2015 to make any claim on the alleged note and deed of trust, and even if it did have a valid claim to collect a debt, the Statute of Limitations has run out.

117.     The Statute of Limitations for making any claim against the Note and Deed of Trust ran out August 2015, due to the last payment made on the alleged note was made in August 2009.  The  Statute of Limitations in California for commencement of action, **according to California Code of Civil Procedure 336a:**

   **Within six years:**

   1. An action upon any bonds, notes or

        debentures issued by any corporation or pursuant to permit of the Commissioner of Corporations, or upon any coupons issued with such

        bonds, notes or debentures, if such bonds, notes or debentures shall

have been issued to or held by the public.

2. An action upon any mortgage, trust deed or other agreement pursuant to which such bonds, notes or debentures were issued. Nothing in this section shall apply to bonds or other evidences of indebtedness of a public district or corporation.

118.     That as an actual and proximate cause of the conduct of the Defendants, and each of them, Plaintiff suffered damages and Plaintiff seeks compensatory damages in an amount according to proof, but in the event of default, three million dollars; exemplary damages according to proof, in the amount of nine million dollars in the event of default, a temporary injunction, preliminary injunction during the pendency of these proceedings, and a permanent injunction, as well as costs of suit, including court costs and attorney's fees.

## EIGHTH CAUSE OF ACTION

## QUIET TITLE

## (AS TO DEFENDANTS MTC FINANICAL INC. DBA TRUSTEE CORPS AND BANK OF AMERICA, NA; ALL PERSONS UNKNOWN, CLAIMING ANY LEGAL OR EQUITABLE RIGHT, TITLE, ESTATE, LIEN, OR INTEREST IN THE PROPERTY DESCRIBED IN THE COMPLAINT ADVERSE TO PLAINTIFFS' TITLE, OR ANY CLOUD ON PLAINTIFFS' TITLE THERETO;

119.     Paragraphs 1 through 118 are realleged as though fully set forth herein.

PAGE - 29 -

120.    Plaintiff is the equitable owner of the Subject Property which has the following legal description: PHYSICAL ADDRESS:    3489 Circle Rd, San Bernardino, CA 92405

   **Legal Description:** APN: 0151-161-14-0-000

   All that portion of Lot 7 of Tract 2508, as per Plat recorded in Book 36 of Maps, Pages 8 and 9, Records of San Bernardino County, State of California, described as follows:
   Beginning at the Southwest corner of said Lot 7; thence North 76° 39' East on the Southerly line of said Lot a distance of 120 feet; thence North 03° 30'West 164.05 feet; thence South 61° 35' 30" West, 143.90 feet to a point on the Easterly line of Circle Road; thence Southerly along a curve concave to the East with a radius of 580 feet, a distance of 90.76 feet; thence along a curve concave to the West with a radius of 113 feet a distance of 34.73 feet to the point of beginning.

121.    Plaintiffs seek to quiet title against the claims of Defendants MTC FINANICAL INC. DBA TRUSTEE CORPS AND BANK OF AMERICA, NA; ALAN DAVID TIKAL; ALL PERSONS UNKNOWN, CLAIMING ANY LEGAL OR EQUITABLE RIGHT, TITLE, ESTATE, LIEN, OR INTEREST IN THE PROPERTY DESCRIBED IN THE COMPLAINT ADVERSE TO PLAINTIFF'S TITLE, OR ANY CLOUD ON PLAINTIFF'S TITLE THERETO; (collectively referred to herein as the "Title Plaintiff") as the Title Plaintiff holds herself out as entitled to fee simple ownership of the Subject Property by and through purchase of the property. In fact, the Defendants have no right to title or interest in the

Subject Property and no right to entertain any rights of ownership including the right to foreclosure, offering the Subject Property for sale at a trustee's sale, demanding possession or filing cases for unlawful detainer.

122.    Plaintiff seek to quiet title as of July 31, 2006. Plaintiff seeks a judicial declaration that the title to the Subject Property is vested in Plaintiff alone and that the Title Defendants and each of them be declared to have no interest estate, right, title or interest in the subject property and that the Title Defendants, their agents and assigns, be forever enjoined from asserting any estate, right title or interest in the Subject Property subject to Plaintiffs' rights.

## NINTH CAUSE OF ACTION

## REQUEST FOR PERMANENT INJUNCTION AGAINST DEFENDANTS

123.    1 through 122 are realleged as though fully set forth herein.

124.    The plaintiff has served notice of her intent to seek an injunction and other relief against the actions undertaken by the defendants with this Complaint.

125.    The defendants have served a notice of default and intent to accelerate and a notice of referral to foreclosure a copy of which is attached, EXHIBIT 16, NOTICE OF TRUSTEE'S SALE - RECORDED ON MARCH 9TH, 2018, RECORDED IN THE OFFICIAL RECORDS OF SAN BERNARDINO COUNTY, 2018-0085594.

PAGE - 31 -

126.    The defendants do not have the legal right to collect a debt because they are not the real party in interest; they are not the holder or owner of the original authentic note and deed of trust; are not the lawful servicers; are not the lenders as identified in the deed of trust they are trying to foreclose upon; are not the lawful assignee of the lender and the Defendant Trustee has not been lawfully substituted in as the trustee.

127.    The Trust cannot hold the subject note and deed of trust because the trust is closed.

128.    The Trust was the subject of a lawsuit by Ramon Pinot for fabricating foreclosure documents, as these documents are also fabricated.

129.    That the Defendants have already been the subject of a suit by the investors and lost, and ordered to pay 8.5 billion dollars, and thus are barred and collaterally estopped from asserting that their servicing was lawful and further barred and collaterally estopped from asserting that the documents they recorded in the official records are authentic.

130.    Bony Mellon as trustee for THIS EXACT TRUST was sued and LOST for fabricating documents to obtain a foreclosure, and the documents used against the Plaintiff in this action are FABRICATED and FALSE.

PAGE - 32 -

131.    The defendant threatens to or is procuring an act in violation of the rights of the plaintiffs respecting the subject property described herein and the plaintiffs' rights.

132.    The defendant is not the holder of any instrument, note, mortgage or otherwise, that would give them the authority to engage in or continue the pending sale.

133.    This property is unique and there is no adequate remedy at law if the property were to be unlawfully sold without first determining the validity of the documents in question, including the note and deed of trust and assignments thereon and the substitution of trustees which consists of a broken chain of substitutions.

134.    There is no adequate remedy at law or compensation would not be sufficient.

135.    The plaintiff will suffer irreparable harm absent injunctive relief.

136.    It is VERY likely that the plaintiff will prevail on the merits of this petition.

137.    The defendant will not suffer harm, loss or injury as the property has ample equity that no collateral or bond is necessary.

138.    The plaintiff is entitled to the relief demanded.

139.    Pecuniary compensation would not afford adequate relief;

140.    It would be extremely difficult to ascertain the amount of compensation which would afford adequate relief.

141.    The restraint is necessary to prevent a multiplicity of judicial proceedings or the obligation arises from a trust.

WHEREFORE, plaintiff demands judgment for:    A.    Permanent injunction enjoining defendant from engaging selling or attempting to sell or dispose of or committing any act that will affect the title of the listed property, including recording documents into the San Bernardino County Recorder) and B. Costs of this action and other just relief.

## TENTH CAUSE OF ACTION

## UNJUST ENRICHMENT AND ACCOUNTING

142.    Paragraphs 1 through 141 are realleged as though fully set forth herein.

143.    Now come the plaintiff Marguerite DeSelms re-allege the foregoing and allege the following claim for unjust enrichment against Defendants.

144.    The plaintiff has served notice of her intent to seek an injunction and other relief against the actions undertaken by the defendants.

145.    Plaintiff has conferred benefit on the defendant, who has knowledge thereof;

146.    Defendant voluntarily accepts and retains the benefit conferred; and

147.    The circumstances render the defendant's retention of the benefit inequitable unless the defendant pays the value of the benefit to the plaintiff.

PAGE - 34 -

148.  That an accounting of all monies paid and received to the
Defendant is hereby demanded, as well as all monies paid and received
to all prior defendants who claim to be predecessors in interest.

149.  That an accounting of all monies demanded from the Plaintiff,
including specific proof of every item charged is hereby demanded,
including inspection fees, escrow fees, interest charged, late charges
imposed, and all monies claimed to be due or owing by the Defendant
from the Plaintiff.

150.  That Plaintiff demanded this information in a qualified written
request that the Defendant refused and refuses to answer.

WHEREFORE plaintiffs demand judgment against defendant for the
damages specified and costs as deemed appropriate by this court.

## PRAYER FOR RELIEF

WHEREFORE Plaintiffs, MARGUERITE DESELMS hereby demand that the court grant
judgment in their favor and against the Defendants, BANK OF AMERICA, NA, STATE OF
CALIFORNIA for:

151.  Declaration that Plaintiff is the equitable owner of the Subject
Property in fee simple absolute and free of any and all claims by the
Defendants, or their predecessors, successors or any other entity or
person, which has the following legal description:
PHYSICAL ADDRESS: 3489 Circle Rd, San Bernardino, CA
92405

**Legal Description:** APN: 0151-161-14-0-000

PAGE - 35 -

All that portion of Lot 7 of Tract 2508, as per Plat recorded in Book 36 of Maps, Pages 8 and 9, Records of San Bernardino County, State of California, described as follows:

Beginning at the Southwest corner of said Lot 7; thence North 76° 39' East on the Southerly line of said Lot a distance of 120 feet; thence North 03° 30'West 164.05 feet; thence South 61° 35' 30" West, 143.90 feet to a point on the Easterly line of Circle Road; thence Southerly along a curve concave to the East with a radius of 580 feet, a distance of 90.76 feet; thence along a curve concave to the West with a radius of 113 feet a distance of 34.73 feet to the point of beginning.

152.    That plaintiffs are ordered to have quiet title against the claims of Defendants MTC FINANICAL INC. DBA TRUSTEE CORPS AND BANK OF AMERICA, NA; ALAN DAVID TIKAL; ALL PERSONS UNKNOWN, CLAIMING ANY LEGAL OR EQUITABLE RIGHT, TITLE, ESTATE, LIEN, OR INTEREST IN THE PROPERTY DESCRIBED IN THE COMPLAINT ADVERSE TO PLAINTIFF'S TITLE, OR ANY CLOUD ON PLAINTIFF'S TITLE THERETO;

153.    That the Defendant provide the Plaintiff with an accounting of all monies paid and received to the Defendant is hereby demanded, as well as all monies paid and received to all prior defendants who claim to be predecessors in interest.

154.    That the Defendant provide the Plaintiff with an accounting of all monies demanded from the Plaintiff, including specific proof of every item charged is hereby demanded, including inspection fees,

PAGE - 36 -

escrow fees, interest charged, late charges imposed, and all monies claimed to be due or owing by the Defendant from the Plaintiff.

155.    That the court find that the conduct of demanding money under illegal threat of harm constituted extortion for which the Plaintiffs were entitled to compensatory damages in an amount according to proof or three million dollars, plus exemplary damages in treble that amount or nine million dollars.

156.    That the Plaintiffs suffered severe emotional distress, monetary harm, economic harm, loss of revenue, all in the sum of three million dollars or according to proof.

157.    That the Defendant's conduct be declared unconstitutional and the Defendants and each of them be temporarily enjoined, preliminarily enjoined and permanently enjoined from seeking any further compensation from the Plaintiffs, and be ordered and compelled to compensate the Plaintiffs for all harm caused to them to date and in the future.

158.    The actions of Defendants be declared unconstitutional;

159.    That the Plaintiffs be awarded Compensatory damages for pain, suffering, stress, humiliation and mental anguish;

160.    That the Plaintiffs be awarded Punitive damages;

161.    That the Plaintiffs be awarded Attorneys' fees, interest and costs of suit all in amount according to proof; and

162.    That the Plaintiffs be awarded any other relief as the Court deems just and equitable.

PAGE - 37 -

1

## JURY DEMAND

2    Plaintiff demands a trial by jury on all issues permitted to be tried by a jury.

3

## CERTIFICATION

4    I, MARGUERITE DESELMS, declare under penalty of perjury that the foregoing is true and

5    correct, except those matters which are based on my information and belief, and as to those

6    matters, I believe them to be true.

7    4-05-18    _____

8                             MARGUERITE DESELMS
                                 PO Box 84343 ,
9                          LOS ANGELES, CA 90073
                               310-427-1008 CELL
10            EMAIL: MARGDESELMS@GMAIL.COM

11

12

13

14

15

16

17

18

19

20

21

22

23

PAGE - 38 -