FILED

2018 MAY -2 PM 2:00

**Marguerite DeSelms**
**PO Box 84343**
**Los Angeles, CA 90073**
**310-427-1008 cell**
**margdeselms@gmail.com**
**Plaintiff In Pro Per**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**MARGUERITE DESELMS,**

**CASE NO.**
      **ED CV18-703-PSG(MRW)**

      Plaintiff,

**FIRST AMENDED**
**COMPLAINT**

-*vs.*-

**BANK OF AMERICA, N.A.,**
**MTC FINANICAL INC. DBA**
**TRUSTEE CORPS**
      Defendants

## JURY TRIAL DEMANDED

**COMES NOW**, the Plaintiffs, MARGUERITE DESELMS hereby sues

the Defendants, BANK OF AMERICA, NA, and MTC FINANCIAL INC.,

DBA TRUSTEE CORPS; and alleges:

PAGE - 1 -

**NATURE OF THE ACTION**

1.     This is a civil action brought pursuant to 15 U.S.C. §1692k (d), the Fair Debt Collection Practices Act (FDCPA);    Truth In Lending Act 15 USC 1635 and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367 and for Declaratory Relief ordering the Defendants to provide an accounting of all funds claimed that are due, all expenses charged against the Plaintiff's account, and supporting proof for all claims charged. The pendant State claims seeking compensatory and punitive damages and injunctive relief against Defendants for their violations of fair debt collection practices and for the accounting.

**JURISDICTION AND VENUE**

2. This is a civil action brought pursuant to 15 U.S.C. §1692k (d), the Fair Debt Collection Practices Act (FDCPA);    Truth In Lending Act 15 USC 1635 and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367 and for Declaratory Relief ordering the Defendants to provide an accounting of all funds claimed that are due, all expenses

PAGE - 2 -

charged against the Plaintiff's account, and supporting proof for all claims charged. The pendant State claims seeking compensatory and punitive damages and injunctive relief against Defendants for their violations of fair debt collection practices and for the accounting.

3. This Court has jurisdiction over Plaintiff's Federal claims pursuant to 28 U.S.C. §§ 1331, 1343 and supplemental jurisdiction over Plaintiff's State claims pursuant to 28 U.S.C. § 1367.

4. Jurisdiction also exists under the Declaratory Judgment Act, 28 U.S.C. §§ 2201(a) and 2202.

5. The declaratory and injunctive relief sought by Plaintiff is authorized by 28 U.S.C. §§ 2201, 2202, and Rule 57 of the Federal Rules of Civil Procedure.

6. Venue is proper in the Central District in that the events and conduct complained of herein all occurred in the Central District.

7. This Court is an appropriate venue for this cause of action pursuant to 28 U.S.C. §§ 1391(b)(l) and (b)(2) as the actions

PAGE - 3 -

complained of took place in the BANK OF AMERICA, NA, in the County of SAN BERNARDINO, STATE OF CALIFORNIA, which is located in this judicial district, the Central District of California.

**PARTIES**

8. MARGUERITE DESELMS   resides in SAN BERNARDINO COUNTY, and the property which is the subject of this action is located at 3489 CIRCLE ROAD,  SAN BERNARDINO, CA.

9. Bank of America, NA will be served in accordance with Federal Code of Civil Procedure upon an Insured Depository Institution: Upon an insured depository institution, by mailing certified mail addressed to an officer of the institution unless the institution has appeared by its attorney, in which case the attorney may be served by first class mail, or the institution has waived in writing its entitlement to service by certified mail by designating an officer to receive service. Upon information and belief, Defendant Bank of America N.A. is a National Banking Association with a principal place of business at Bank

PAGE - 4 -

of America Corporate Center, 100 N. Tryon Street, Charlotte, North Carolina 28255.

10.      Upon information and belief, Defendant Bank of America N.A. is a wholly owned subsidiary of Defendant Bank of America Corp.

11.      Defendants are acting as a state entities acting with the power of non-judicial foreclosure whose employees acted at all times under color of state law in doing the acts complained of herein.

12.      That BONDCORP REALTY SERVICES INC., whose address is 2549 EASTBLUFF DR #350, NEWPORT BEACH, CA 92660

13.      Corporation Number C1839945, whose incorporation Date was 10/1/1992 committed heinous fraud in drafting the fraudulent note and mortgage, and then lost the original and fabricated a copy for recording.  They designated as their agent for service of process the NATIONAL REGISTERED AGENTS, INC., 818 W SEVENTH ST STE 930, LOS ANGELES, CA  90017.

PAGE - 5 -

14.     **MTC FINANICAL INC. DBA TRUSTEE CORPS** is registered to do business in this state, and has designated as its agent for service of process, and whose Registration Date was 06/30/1992, a CALIFORNIA Entity Type: DOMESTIC STOCK, with Agent for Service of Process: MARISOL NAGATA, 17100 GILLETTE AVE., IRVINE CA 92614 and whose business address is 17100 GILLETTE AVE., IRVINE CA 92614, and whose Entity Mailing Address is 17100 GILLETTE AVE., IRVINE CA 92614.

## FACTS COMMON TO ALL CAUSES OF ACTION

15.     The Defendants were at all relevant times responsible for the actions which are the subject of this action and at all relevant times acted for the benefit of the other defendants.

16.     That the defendants conspired together to use fraudulently prepared and recorded documents for the purpose of bringing a foreclosure action on property where they do not have any real or valid interest in the subject property.

17.     That EXHIBIT 1- GRANT DEED DOC # 2006-0552509, 3489 CIRCLE ROAD, SAN BERNARDINO, CA 92405,

PAGE - 6 -

RECORDED IN THE OFFICIAL RECORDS OF THE COUNTY OF SAN BERNARDINO, 8/14/2006.

18.     That EXHIBIT 2 is a DEED OF TRUST RECORDED ON 8/14/2006 IN THE OFFICIAL RECORDS OF SAN BERNARDINO COUNTY, DOCUMENT # 2006-0552510, LENDER IS CALIFORNIA CORPORATION AND BORROWER IS claimed to be MARGUERITE DESELMS.

19.     Bondcorp Realty Services Corporation, Inc.'s deed of trust is void as it was not supported by adequate consideration, was obtained under false pretenses, fabricated, and the original of the same is not in existence, and the copy that is recorded is not a true and correct copy of the original that was signed by the Plaintiff, and thus the copy that is on file is a forgery.

20.     That BONDCORP REALTY SERVICES INC., whose address is 2549 EASTBLUFF DR #350, NEWPORT BEACH, CA 92660

21.     Corporation Number C1839945, whose incorporation Date was 10/1/1992 committed heinous fraud in drafting the fraudulent note and mortgage, and then lost the original and

PAGE - 7 -

fabricated a copy for recording.  They designated as their agent

for service of process the NATIONAL REGISTERED AGENTS,

INC., 818 W SEVENTH ST STE 930, LOS ANGELES, CA 90017.

22.     EXHIBIT 3 is a copy of a NOTE but it is not an authentic

copy as the original note is lost or destroyed and it is clearly a

fabricated document, and it is dated JULY 31ST, 2006.

23.     EXHIBIT 4 – NOTICE OF ASSIGNMENT, SALE OR

TRANSFER OF SERVICING RIGHTS EFFECTIVE OCTOBER 1,

2006 TO COUNTRYWIDE HOME LOANS INC. SERVICER IS

BONDCORP REALTY SERVICES INC.

24.     Said Exhibit 4 purports to assign the rights to collect the

payments, but nothing is recorded at that time evidencing the

same and there is no recorded assignment of mortgage or note,

and there is no evidence the original note was transferred at

that time.

25.     In fact, in 2010, Plaintiff was told by Bondcorp Realty that

they still had the original note and mortgage in their

possession.

PAGE - 8 -

26.     The letter, therefore constitutes a misrepresentation of a material fact, upon which the Plaintiff reasonably and justifiably relied, sending money to Countrywide, who Plaintiff later found out was NOT the actual owner and holder of the mortgage, and NOT the loan servicer and not entitled to collect the money they billed to the Plaintiff.

27.     That payments were made to Countrywide where they were not entitled to receive them and further, were not credited on the Plaintif's account.

28.     That Bondcorp Realty Services, Inc. also sent a letter at that time stating that the servicing rights were conveyed to Countrywide Home loans, when, the true facts were, that the rights to collect under the note and deed of trust were not conveyed, and that as late as 2010, Bondcorp still had the note and mortgage and no recorded evidence of a transfer of the servicing rights existed.

29.     The note and deed of trust do not state that the Plaintiff is obligated to pay a servicer, but only the Lender, and the

PAGE - 9 -

lender is the holder and owner of the note and deed of trust, not any other entity.

30.     That Countrywide was at all relevant times herein, acting on behalf of Defendant Bank of America, NA in committing the wrongful acts alleged herein, and Bank of America acquired Countrywide and accepted liability for Countrywide's conduct in so doing.

31.     EXHIBIT 5 is a SHORT FORM DEED OF TRUST AND ASSIGNMENT OF RENTS (INDIVIDUAL) DOCUMENT NUMBER 2010-0476658.

32.     EXHIBIT 6 is a SUBSTITUTION OF TRUSTEE AND FULL RECONVEYANCE, DOCUMENT # 2010-0475565, RECORDED IN THE OFFICIAL RECORDS OF SAN BERNARDINO COUNTY, ON November 17th, 2010.

33.     The deed of trust dated July 31st, 2006 has been fully satisfied and reconveyed to the Plaintiff under this document in 2010, and thus no further enforcement of the same could occur thereafter.

34.     EXHIBIT 7 is a GRANT DEED RECORDED IN THE OFFICIAL RECORDS OF SAN BERNARDINO COUNTY ON 11/17/2010, DOCUMENT NUMBER 2010-0476657.

35.     Said document conveys all interest in the subject property, free of any liens, to Plaintiff.

36.     EXHIBIT 8 is a BANK OF AMERICA NOTICE OF ASSIGNMENT, SALE OR TRANSFER OF SERVICING RIGHTS.

37.     Not only was there no documents in support for the false representations made in that letter dated April 24th, 2011, there was no loan to convey.

38.     EXHIBIT 9 – ASSIGNMENT OF DEED OF TRUST, RECORDED ON OCTOBER 7TH, 2011 IN THE OFFICIAL RECORDS OF COUNTY OF SAN BERNARDINO, MERS TO BONY ASSIGNMENT.

39.     Defendant, months after falsely representing that all interest was conveyed to Bank of America, they fabricated and then recorded an assignment of deed of trust.

40.     Edward Gallegos, falsely claiming to be an assistant secretary for MERS does not work as a secretary for MERS, nor

PAGE - 11 -

is he employed by Mers, nor is he employed by Bank of New York Mellon, but is a Bank of America employee.

41.     Said document was forged and executed in California.

42.     California has strict statutes prohibiting the recording of false documents in the official records, and that constitutes a FELONY pursuant to Penal Code Section 487 et seq., and Penal Code Section 115 et seq.

43.     What's worse, is that according to the BANK OF NEW YORK MELLON, FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWALT, INC., ALTERNATIVE LOAN TRUST 2006-OC8, MORTGAGE PASS THROUGH CERTIFICATES 2006-0C8, the trust was closed in 2006, and could not hold the note and/or deed of trust, and further, Bank of America sued Bony Mellon over this specific mortgage and settled by agreeing to pay  Bank of America and/or Countrywide shall pay or cause to be paid eight billion five  hundred  million  dollars  ($8,500,000,000.00).  see

.

PAGE - 12 -

44.     That claim was specifically because the Institutional Investors have provided notice pursuant to certain of the Governing Agreements claiming failure by Bank of America and Countrywide, and affiliates, divisions, and subsidiaries thereof, to perform thereunder, and have alleged Mortgage Loan-servicing breaches and documentation defects against Bank of America and Countrywide, and affiliates, divisions, and subsidiaries thereof, and Bank of America Paid for the wrongdoings committed by Bank of America against Plaintiff for the acts complained of herein by the Plaintiff.

45.     As an actual and proximate cause of their entry into this agreement, Bank of America is COLLATERALLY ESTOPPED from asserting that they had committed wrongdoing against the Plaintiff in this case, having paid 8.5 billion dollars for the commission of those wrongs, and further cannot claim the Plaintiff is without standing to asset those wrongdoings, as the Plaintiff was the direct victim of that harm, and they agreed to pay the members of the trust, who also objected to the same exact treatment of the Plaintiff and were awarded for that harm.

PAGE - 13 -

46.     As a result of this agreement, Bank of America is COLLATERALLY ESTOPPED from asserting that the Plaintiff has no standing to object to the validity of the assignments.

47.     EXHIBIT 10 BOA NOTICE OF ASSIGNMENT, SALE OR TRANSFER OF SERVICING RIGHTS – NOVEMBER 23RD, 2011.

48.     Bank of America owned nothing it could transfer, including the servicing rights.

49.     The Bank of America was not ever the holder and owner of the note and deed of trust, and did not have the servicing rights as it falsely claimed.

50.     Furthermore, Specialized Loan Servicing could not be the loan servicer of the BANK OF NEW YORK MELLON, FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWALT, INC., ALTERNATIVE LOAN TRUST 2006-OC8, MORTGAGE PASS THROUGH CERTIFICATES 2006-OC8.

51.     EXHIBIT 11 is a SUBSTITUTION OF TRUSTEE – RECORDED IN THE OFFICIAL RECORDS OF SAN

BERNARDINO, DOCUMENT # 2014-025564 – JULY 15TH, 2014.

52.     Similarly, the BANK OF NEW YORK MELLON, FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWALT, INC., ALTERNATIVE LOAN TRUST 2006-OC8, MORTGAGE PASS THROUGH CERTIFICATES 2006-0C8 was not a lawful owner and holder of the note and deed of trust, and therefore did not have any power to substitute the trustee or take any further action whatsoever.

53.     The trustee cannot be substituted as evidenced above, the bank could not be a lawful holder of the note and deed of trust, as it was not validly transferred, as the trust was closed, the servicing mishandled, and then Bank of America was sued and paid out 8.5 billion.

54.     The BANK OF NEW YORK MELLON, FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWALT, INC., ALTERNATIVE LOAN TRUST 2006-OC8, MORTGAGE PASS THROUGH CERTIFICATES 2006-0C8 was

closed at the time of the purported conveyance and according to the law of the States of New York and of Delaware, which is, according to the terms of the PSA, and the incorporating documents are the states where the governing applicable law should be applied, not California.

55.     EXHIBIT 12 is a NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST, RECORDED IN THE OFFICIAL RECORDS OF SAN BERNARDINO, COUNTY, DOCUMENT NUMBER 2014-0255625, RECORDED ON JULY 15TH, 2014.

56.     EXHIBIT 13 is a NOTICE OF RESCISSION OF DECLARATION OF DEFAULT AND DEMAND FOR SALE AND NOTICE OF BREACH AND ELECTION TO SELL UNDER DEED OF TRUST, RECORDED IN THE OFFICIAL RECORDS OF SAN BERNARDINO COUNTY, DOCUMENT 2015-0042564 ON FEBRUARY 3RD, 2015.

57.     EXHIBIT 14 is a NOTICE OF DEFAULT RECORDED ON NOVEMBER 22ND, 2017 IN THE OFFICIAL RECORDS OF SAN BERNARDINO COUNTY, DOCUMENT 2017-0500430.

58.     There is a break in the chain of assignments or substitutions of trustees.

59.     There has never been a valid substitution of trustee to put BANK OF AMERICA, N.A., or MTC FINANICAL INC. DBA TRUSTEE CORPS as trustee in place of the last substituted trustee.

60.     There is ample case law establishing that the documents which purport to assign the mortgage are void.

61.     According to *ROMAN PINO v. THE BANK OF NEW YORK MELLON, FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWALT, INC., ALTERNATIVE LOAN TRUST 2006-OC8, MORTGAGE PASS THROUGH CERTIFICATES 2006-0C8,* SC11-697, the Defendant in that case was a purported recipient of the mortgage in the same manner as in the Florida Supreme Court case, and the premier case which blew up the mortgage industry in 2013.

62.     For the foregoing reasons, the notice of default is void, notice of sale is void, and the Defendant has no standing whatsoever to foreclose.

PAGE - 17 -

63.    EXHIBIT 15 is a GRANT DEED RECORDED ON JUNE 1, 2017, RECORDED IN THE OFFICIAL RECORDS OF SAN BERNARDINO COUNTY, 2017-0226015

64.    EXHIBIT 16 is a NOTICE OF TRUSTEE'S SALE - RECORDED ON MARCH 9TH, 2018, RECORDED IN THE OFFICIAL RECORDS OF SAN BERNARDINO COUNTY, 2018-0085594.

65.    The Notice falsely and fraudulently necessarily claims that the chain of assignments are valid, when the records, and even the landmark Florida case against this specific assignee, The BANK OF NEW YORK MELLON, FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWALT, INC., ALTERNATIVE LOAN TRUST 2006-OC8, MORTGAGE PASS THROUGH CERTIFICATES 2006-OC8, clearly shows that the Plaintiff was a victim of fraudulent preparation and recording of documents which are in direct violation of the PSA, the settlement agreement, and directly contrary to the laws of both the State of New York and Delaware.

66.    Even the trustee has never been validly appointed.

67.    This Court cannot enforce an illegal contract.

68.    Finally, allegations of an attorney's filing of fraudulent documents in connection with his or her client's lawsuit would warrant a referral of that attorney to The Florida Bar for a possible violation of the Code of Professional Responsibility. See *ROMAN PINO v. THE BANK OF NEW YORK MELLON, FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWALT, INC., ALTERNATIVE LOAN TRUST 2006-OC8, MORTGAGE PASS THROUGH CERTIFICATES 2006-0C8,* SC11-697.

69.    That as an actual and proximate cause of the conduct of the Defendants, and each of them, and their purported predecessors in interest, the Plaintiffs, have suffered damages in an amount according to proof, but in excess of $75,000.

70.    That the Defendants fraudulent and improper use of the non-judicial foreclosure process was the actual and proximate cause of the same the Plaintiffs suffered damages according to proof and are intended to cause, and continue to cause severe

PAGE - 19 -

emotional distress, anger, upset and grief, as intended or foreseeable by the Defendants and their Employees, officers and agents.

## FIRST CAUSE OF ACTION

### (Violation of the Security First Rule)

71.     Plaintiffs incorporate paragraphs 1 – 69 inclusive herein as though set forth herein in full.

72.     Accordingly, the payments that were made, and not credited to the Plaintiff's account were essentially a "set-off" in which Defendant attempted to satisfy a portion of their debt secured by real property by attaching property other than the secured real property, i.e., the money Plaintiff paid to Countrywide which it was not entitled to collect given the fact that that they had already chosen to foreclose on the Subject Property. Accordingly, Bank of America's actions were a clear violation of the Security First Rule set forth in Code of Civil Procedure ("CCP") §726.

73.     Said violation of CCP §726 and Bank of America's refusal to return the set-off funds rendered the DOT null and void.

PAGE - 20 -

74.   Accordingly, Defendants security interests in the Subject Property did not exist at the time of attempted foreclosure sale.

75.   Therefore, the attempt to proceed with the foreclosure sale and any sale that follows would be and is invalid and void.

76.   As a proximate result of Bank of America's violation of the Security First Rule, Plaintiff has suffered, and will continue to suffer, general and special damages.

77.   That as an actual and proximate cause of the same, the Plaintiff has suffered real monetary harm, emotional distress, trauma, upset, aggravation and grief, entitling the Plaintiffs to compensatory damages in an amount according to proof or three million dollars in the event of default by the Defendant for failure to respond.

78.   That as a result of the continued harassment, annoyance, which is continuing to the present, and will continue unless abated, the Plaintiff is entitled to a temporary restraining order, a preliminary injunction during the pendency of these proceedings, and permanent injunction and monetary

PAGE - 21 -

damages and costs in an amount according to proof and such
other and further relief as the court deems just and adequate.

79.     That Plaintiff seeks compensatory damages in an amount
according to proof, but in the event of default, three million
dollars; exemplary damages according to proof, in the amount
of nine million dollars in the event of default, a temporary
injunction, preliminary injunction during the pendency of
these proceedings, and a permanent injunction, as well as
costs of suit, including court costs and attorney's fees.

## SECOND CAUSE OF ACTION

### (Wrongful Foreclosure)

### (Against All Defendants)

80.     Plaintiff incorporates herein by reference the allegations
made in paragraphs 1 through 78, inclusive, as though fully
set forth herein.

81.     Plaintiff is informed and believes and thereon alleges that
after the origination and funding of her Loan, it was sold or
transferred to investors or other entities and that Defendants

did not own the loans or the corresponding notes at the time of the attempted foreclosure sale or sale.

82.     Moreover, MTC FINANICAL INC. DBA TRUSTEE CORPS was not lawfully appointed as trustee by Bank of America.

83.     Accordingly, none of the Defendants in this action had the right to declare default, cause notices of default to be issued or recorded, or foreclose on Plaintiff's interest in the Subject Property.

84.     None of the Defendants in this action was the note holder or a beneficiary of Plaintiff's Loan at the time of foreclosure.

85.     Plaintiff further alleges on information and belief that none of the Defendants in this action were beneficiaries or representatives of the beneficiary.

86.     That is, none of them were assigned the Note and/or DOT executed by Plaintiff.

87.     Also, Bank of America failed to record the Limited Power of Attorney concurrently with the NOD, SOT and First NOS and Assignment of DOT as required under California law.

88.     Moreover, none of the signatories to the NOD, SOT, First NOS, Second NOS, Assignment of DOT, and TDUS had the authority to execute said documents.

89.     None of said documents properly disclosed the principals that the individual was signing for. Moreover, the NOD was invalid and void as it was executed by Bank of America prior to the date that it was allegedly substituted in as trustee.

90.     Consequently, all documents upon which the NOD was based were invalid and void as well.

91.     Bank of America and MTC FINANICAL INC. DBA TRUSTEE CORPS breached its obligation to Plaintiff to modify the loan by proceeding with a foreclosure of the Subject Property when Bank of America was lawfully obligated to do so under the consent decree.

92.     Defendants further breached the provisions of Civil Code Section 2924g(c)(1) which requires postponement of a foreclosure sale by "mutual agreement, whether oral or in writing, of any trustor and any beneficiary."

93.     Here, Plaintiff had an oral agreement not to proceed with a foreclosure of the Subject Property with Bank of America, and Bank of America further had a written agreement with the US Government not to dual Track (meaning not to foreclose during the loss mitigation process.

94.     Furthermore, Bank of America and MTC FINANICAL INC. DBA TRUSTEE CORPS breached Sections 2924f and 2924g by not providing proper notice of the postponement of the trustee's sale, and not providing notice pursuant to the strict requirements of said code sections and by fabricating documents in order to proceed with a non-judicial foreclosure after executing a consent decree, promising not to do that any further.

95.     That Bank of America was sued for their mishandling of the servicing of this and other loans like this.

96.     Additionally, Bank of America breached the SPA by failing to review the financial information of Plaintiff and negotiate a loan modification with Plaintiff in good faith. Plaintiff is informed and believes that Bank of America received a

PAGE - 25 -

substantial amount of TARP funds from the federal government, a condition of which was that Bank of America was required to comply with the provisions of the SPA.

97.   Also, Defendants violated California Civil Code §2923.5(a), which requires a "mortgagee, beneficiary or authorized agent" to "contact the borrower or person by telephone in order to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure. "Section 2923.5(b) requires a default notice to include a declaration "from the mortgagee, beneficiary, or authorized agent" of compliance with section 2923.5, including attempt "with due diligence to contact the borrower as required by this section." None of the Defendants assessed Plaintiff's financial situation correctly or in good faith prior to filing the Notices of Default against the Subject Property in this action. Additionally, the declaration was executed on behalf of a corporation that was not in existence at the time of the declaration. Also, the declaration did not satisfy the requirements of Section 2923.5. Accordingly, the Defendants did not fulfill their legal obligation to Plaintiff

prior to filing of the Notices of Default and, therefore, any acts based on the Notice of Default taken thereafter were invalid and void.

98.     Alternatively, as a result of Bank of America's violation of the Security First Rule, Bank of America no longer had a security interest in the Subject Property at the time of attempted foreclosure. Accordingly, Defendants were prohibited from invoking the power of sale provision in the DOT as the Subject Property no longer secured the debt allegedly owed to Bank of America.

99.     Consequently, Defendants engaged in a fraudulent and wrongful foreclosure of the Subject Property in that Defendants do not have the legal authority to foreclose on the Subject Property and, alternatively, if they had the legal authority, they failed to comply with Civil Code Sections 2923.5 and 2923.6.

100.    As a proximate result of Bank of America's violation of the Security First Rule, Plaintiff has suffered, and will continue to suffer, general and special damages.

PAGE - 27 -

101.    That as an actual and proximate cause of the same, the Plaintiff has suffered real monetary harm, emotional distress, trauma, upset, aggravation and grief, entitling the Plaintiffs to compensatory damages in an amount according to proof or three million dollars in the event of default by the Defendant for failure to respond.

102.    That as a result of the continued harassment, annoyance, which is continuing to the present, and will continue unless abated, the Plaintiff is entitled to a temporary restraining order, a preliminary injunction during the pendency of these proceedings, and permanent injunction and monetary damages and costs in an amount according to proof and such other and further relief as the court deems just and adequate.

103.    That Plaintiff seeks compensatory damages in an amount according to proof, but in the event of default, three million dollars; exemplary damages according to proof, in the amount of nine million dollars in the event of default, a temporary injunction, preliminary injunction during the pendency of

these proceedings, and a permanent injunction, as well as costs of suit, including court costs and attorney's fees.

## THIRD CAUSE OF ACTION

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

## PENDENT STATE CLAIM

104.    Plaintiffs incorporate paragraphs 1 – 103 inclusive herein as though set forth herein in full.

105.    Defendants knew that their conduct would cause, and it was intended to cause the Plaintiff severe emotional distress when they willfully began a series of harassments and imposition of baseless non-judicial foreclosure tactics, all with fraudulent documents and in direct violation of *ROMAN PINO v. THE BANK OF NEW YORK MELLON, FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWALT, INC., ALTERNATIVE LOAN TRUST 2006-OC8, MORTGAGE PASS THROUGH CERTIFICATES 2006-0C8,* SC11-697, the Penal Code Section 487 et seq., and Penal Code Section 115 et seq., the PSA and the laws governing the same in both New York and Delaware.

PAGE - 29 -

106.    That the intention of the Defendants was to defraud the Plaintiff by fabricating foreclosure documents for the purpose of extorting funds from the Plaintiff by means of abusing the non-judicial foreclosure statutes.

107.    That the conduct of the Defendants were intended to cause, and did cause the Plaintiffs to suffer severe emotional distress, anger, upset annoyance and financial harm.

108.    That the actual and proximate cause of the Defendants conduct as alleged herein was willful and malicious and as an actual and proximate cause of that conduct, the Plaintiff suffered damages in an amount according to proof but in the event of default, three million dollars.

109.    That Plaintiff seeks compensatory damages in an amount according to proof, but in the event of default, three million dollars; exemplary damages according to proof, in the amount of nine million dollars in the event of default, a temporary injunction, preliminary injunction during the pendency of these proceedings, and a permanent injunction, as well as costs of suit, including court costs and attorney's fees.

# FOURTH CAUSE OF ACTION

## EXTORTION

### PENDENT STATE CLAIM

110.     Plaintiffs incorporate paragraphs 1 – 109 inclusive herein as though set forth herein in full.

111.     That at all times, acting for the benefits of each other and themselves, the Defendants, their employees, and purported predecessors in interest, were all acting in concert and on behalf of each of the other Defendants.

112.     That the conduct in instituting a non-judicial foreclosure without any lawful right to do so and demanding money all constitutes extortion.

113.     That said demands were made by the Defendants by means of the threat of an illegal act (felonious recording of false documents in the official records of this County, and felonious execution of documents where there is no actual authority or power of attorney to do so and threats of foreclosure if the plaintiff does not pay them, all constitutes extortion).

PAGE - 31 -

114.    That the Court found that the intention of the Defendants was to harass the Plaintiffs due to her sex.

115.    That the Court in two prior cases found that the conduct of the Defendants and its predecessors were unlawful, and said conduct, including the use of fabricated documents, and then recording the same in the official records, were also intended to cause, and did cause the Plaintiffs to suffer severe emotional distress, anger, upset annoyance and financial harm.

116.    That the actual and proximate cause of the Defendants conduct as alleged herein was willful and malicious and as an actual and proximate cause of that conduct, the Plaintiff suffered damages in an amount according to proof but in the event of default, three million dollars and exemplary damages in the sum according to proof, or in the event of default, nine million dollars.

117.    That Plaintiff seeks compensatory damages in an amount according to proof, but in the event of default, three million dollars; exemplary damages according to proof, in the amount of nine million dollars in the event of default, a temporary

injection, preliminary injunction during the pendency of these proceedings, and a permanent injunction, as well as costs of suit, including court costs and attorney's fees.

118.    Wherefore the Plaintiff prays as follows:

**FOURTH CAUSE OF ACTION**

**(VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA),**

**(15 U.S.C. §1692)**

**(As against MTC FINANICAL INC. DBA TRUSTEE CORPS AND BANK OF AMERICA, NA)**

119.    Plaintiffs incorporate paragraphs 1 – 118 inclusive herein as though set forth herein in full.

120.    Plaintiff is a consumer within the meaning of the FDCPA, 15 U.S.C. §1692a(3).

121.    Defendants MTC FINANICAL INC. DBA TRUSTEE CORPS AND BANK OF AMERICA, NA are debt collectors within the meaning of the FDCPA, 15 U.S.C. §1692a(6).

122.     Defendants MTC FINANICAL INC. DBA TRUSTEE CORPS
is NOT a validly appointed trustee, and thus not entitled to any
statutory protection for trustees.

123.     MTC FINANICAL INC. DBA TRUSTEE CORPS AND BANK
OF AMERICA, NA violated the FDCPA.

124.     Defendants' violations include, but are not limited to, the
following:

a.     Defendant MTC FINANICAL INC. DBA TRUSTEE
CORPS AND BANK OF AMERICA, NA violated 15 U.S.C.
§1692d by engaging in conduct, the natural consequence
of which is to harass, oppress, or abuse Plaintiff by
attempting to collect a debt without proper validation of
debt as requested by Plaintiff via Debt Validation letters
(see Exhibit #1, 2, 3, and 4 )

b.     Defendants   engaged   in   false   or   misleading
representations   in   communications   or   means   in
connection with the debt collection, violating §1692e.

c.     Defendant MTC FINANICAL INC. DBA TRUSTEE
CORPS AND BANK OF AMERICA, NA Violated 15 U.S.C.

§1692e(2) by falsely representing the character, amount, or legal status of an alleged debt, by claiming standing to ownership of the disputed property.

d.     Defendant MTC FINANICAL INC. DBA TRUSTEE CORPS AND BANK OF AMERICA, NA violated 15 U.S.C. §1692e(6) by engaging in the sale or transfer of an interest in a debt that could cause Plaintiff to lose her claim or defense to payment of the debt, and by claiming ownership in title to Property, which would be illegally obtained through an illegal trustee sale.

e.     Defendant MTC FINANICAL INC. DBA TRUSTEE CORPS AND BANK OF AMERICA, NA violated 15 U.S.C. §1692e(8) by communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

f.     Defendant MTC FINANICAL INC. DBA TRUSTEE CORPS AND BANK OF AMERICA, NA violated 15 U.S.C.

§1692e(10) by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

g.    Defendant MTC FINANICAL INC. DBA TRUSTEE CORPS AND BANK OF AMERICA, NA violated 15 U.S.C. §1692e(11) by the failure to disclose in any initial written communication with the consumer that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector.

h.    Defendant MTC FINANICAL INC. DBA TRUSTEE CORPS AND BANK OF AMERICA, NA  violated 15 U.S.C. §1692f(1) by the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law. Plaintiff never had a contract with Defendants.

i.    Defendant MTC FINANICAL INC. DBA TRUSTEE CORPS AND BANK OF AMERICA, NA violated 15 U.S.C. §1692f(6) by taking or threatening to unlawfully repossess or disable the Plaintiff's property.

j.    Defendant MTC FINANICAL INC. DBA TRUSTEE CORPS AND BANK OF AMERICA, NA violated 15 U.S.C. §1692g by, within five days after the initial communication with Plaintiff in connection with the collection of any debt, failing to send Plaintiff a written notice containing a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and a

statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

k.   **MTC FINAINCAL INC. DBA TRUSTEE CORPS AND BANK OF AMERICA, NA** Violated § 1692 g(B) by Defendants, as Debt Collectors, failing to cease collection efforts until the debt was validated. Defendants never properly validated the alleged debt and Plaintiff wrote a letter indicating that along with a Notice of Intent to Sue (Exhibit #4).  Defendants sent an alleged Note and Deed of Trust claiming security for the debt, yet the Defendants' names were nowhere indicated on the alleged validation of debt documents.

Instituting    improper    or    premature    foreclosure proceedings to generate

l.   unwarranted fees;

m. Executing and recording false and misleading documents;

n. Executing and recording documents without the legal authority to do so;

o. Failing to disclose the principal for which documents were being executed and recorded in violation of California Civil Code Section 1095;

p. Failing to record Powers of Attorney in connection with other recorded documents in violation of California Civil Code Section 2933;

q. Violating the Security First Rule;

r. Demanding and accepting payments for debts that were non-existent;

s. Acting as beneficiaries and trustees without the legal authority to do so;

t. Failing to give proper notice of a trustee's sale and the postponement of the sale pursuant to California Civil Code Sections 2924g and 2924h;

u. Failing to comply with California Civil Code Section 2923.5;

v. Failing to comply with the HAMP guidelines;

PAGE - 39 -

w. Misrepresenting the foreclosure status of properties to borrowers; and

x. Other deceptive business practices.

125.     That as an actual and proximate cause of the conduct of the Defendants, and each of them, Plaintiff suffered damages and Plaintiff seeks compensatory damages in an amount according to proof, but in the event of default, three million dollars; exemplary damages according to proof, in the amount of nine million dollars in the event of default, a temporary injunction, preliminary injunction during the pendency of these proceedings, and a permanent injunction, as well as costs of suit, including court costs and attorney's fees.

126.     Wherefore the Plaintiff prays as follows:

**FIFTH CAUSE OF ACTION**

**VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, *CAL. CIV. CODE §1788 ET SEQ.***

**(RFDCPA)**

**(As against Defendant(s)_MTC FINANICAL INC. DBA TRUSTEE CORPS AND BANK OF AMERICA, NA.**

PAGE - 40 -

127.    Plaintiff alleges and incorporates the information in paragraphs 1 through 126.

128.    Plaintiff is a consumer within the meaning that is defined by *Cal. Civ. Code § 1788.2(h* )

129.    Defendants are debt collectors within the meaning of §1788.2(c)

130.    Defendants have failed to comply with the requirements of California Civil Code ("CC") §§ 1788, *et seq.* In particular, Defendants have violated, among others, the following:

   a. CC § 1788.15(a): No debt collector shall collect or attempt to collect a consumer debt by means of judicial proceedings when the debt collector knows that service of process, where essential to jurisdiction over the debtor or his property, has not been legally effected.

   b. CC §1788.17: Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the

PAGE - 41 -

United States Code. However, subsection (11) of Section 1692e and Section 1692g shall not apply to any person specified in paragraphs (A) and (B) of subsection (6) of Section 1692a of Title 15 of the United States Code or that person's principal.

c. The references to federal codes in this section refer to those codes as they read January 1, 2001.

131.  Defendant violated *§ 1788.13(i)* by falsely representing the true nature of the business of the defendant by sending collection letters to Plaintiff that were vague and misleading.

132.  Defendant violated the *§ 1788.17* of the RFDCPA by continuously failing to comply with the statutory regulations contained within the FDCPA, *15 U.S.C. § 1692 et seq.*

133.  Defendant violated *§ 1692d* of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse the Plaintiff.

134.  That as an actual and proximate cause of the conduct of the Defendants, and each of them, Plaintiff suffered damages and Plaintiff seeks compensatory damages in an amount

PAGE - 42 -

according to proof, but in the event of default, three million dollars; exemplary damages according to proof, in the amount of nine million dollars in the event of default, a temporary injunction, preliminary injunction during the pendency of these proceedings, and a permanent injunction, as well as costs of suit, including court costs and attorney's fees.

## SIXTH CAUSE OF ACTION

## VIOLATION OF REAL ESTATE SETTLEMENT

## PROCEDURES ACT (RESPA), 12 U.S.C. §2605

## (As against Defendant(s) MTC FINANICAL INC. DBA

## TRUSTEE CORPS AND BANK OF AMERICA, NA

135.    Paragraphs 1 through 12 are realleged as though fully set forth herein.

136.    Defendants claim to be the holder and owner of the subject mortgage, or claim they are servicers or agents for servicers of a federally related mortgage loan within the meaning of the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. §2605.

PAGE - 43 -

137.    Plaintiff's written requests for information about her account and correction of Defendants' numerous errors were "qualified written requests" within the meaning of RESPA.

138.    Defendants deliberately failed to respond in a proper and timely way to Plaintiff's "qualified written requests" for information about, and corrections to, the alleged mortgage account, in violation of 12 U.S.C. §2605(e).

139.    That as an actual and proximate cause of the conduct of the Defendants, and each of them, Plaintiff suffered damages and Plaintiff seeks compensatory damages in an amount according to proof, but in the event of default, three million dollars; exemplary damages according to proof, in the amount of nine million dollars in the event of default, a temporary injunction, preliminary injunction during the pendency of these proceedings, and a permanent injunction, as well as costs of suit, including court costs and attorney's fees.

## SEVENTH CAUSE OF ACTION

## VIOLATION OF CALIFORNIA CODE OF CIVIL PROCEDURE 336a, STATUTE OF LIMITATIONS HAS EXPIRED

PAGE - 44 -

**(As against Defendant(s) MTC FINANICAL INC. DBA**

**TRUSTEE CORPS AND BANK OF AMERICA, NA**

140.     Paragraphs 1 through 113 are realleged as though fully set forth herein.

141.     According to the documents recorded in the official record, and the first notice of default, more than six years have lapsed and there is a claim that no payment was made at that time, and there has been no payment to any entity who is entitled to recover under the note and deed of trust in more than four years,

142.     Defendants have no claim nor standing in this matter as a result of the Statute of Limitations running out August 2015 to make any claim on the alleged note and deed of trust, and even if it did have a valid claim to collect a debt, the Statute of Limitations has run out.

143.     The Statute of Limitations for making any claim against the Note and Deed of Trust ran out August 2015, due to the last payment made on the alleged note was made in August 2009.    The    Statute    of    Limitations    in    California    for

commencement of action, **according to California Code of Civil Procedure 336a:**

**Within six years:**

1. An action upon any bonds, notes or

debentures issued by any corporation or pursuant to permit of the Commissioner of Corporations, or upon any coupons issued with such bonds, notes or debentures, if such bonds, notes or debentures shall have been issued to or held by the public.

2. An action upon any mortgage, trust deed or other agreement pursuant to which such bonds, notes or debentures were issued.

Nothing in this section shall apply to bonds or other evidences of indebtedness of a public district or corporation.

144.    That as an actual and proximate cause of the conduct of the Defendants, and each of them, Plaintiff suffered damages and Plaintiff seeks compensatory damages in an amount according to proof, but in the event of default, three million

dollars; exemplary damages according to proof, in the amount of nine million dollars in the event of default, a temporary injunction, preliminary injunction during the pendency of these proceedings, and a permanent injunction, as well as costs of suit, including court costs and attorney's fees.

## EIGHTH CAUSE OF ACTION

## (Unfair Practices under California Business & Professions Code Section 17200, et seq.)

## (Against All Defendants)

145.    Plaintiff incorporates herein by reference the allegations made in paragraphs 1 through 144, inclusive, as though fully set forth herein.

146.    Plaintiff is a consumer and the obligation between the parties is a debt owed pursuant to the subject notes and trust deeds and is  consumer debt pursuant to the Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act").

147.    BANK OF AMERICA, NA, and MTC FINANCIAL INC., DBA TRUSTEE CORPS are lender and mortgage servicing companies that are in the business of collecting and processing

mortgage payments and MTC Financial is not authorized to act as a trustee and has no statutory protection as a result.

148.    The representative of BANK OF AMERICA, NA, and MTC FINANCIAL INC., DBA TRUSTEE CORPS made false misrepresentations in connection with the debt secured by the DOT on the Subject Property.

149.    California Business & Professions Code Section 17200, et seq., prohibits acts of unfair competition, which means and includes any "fraudulent business act or practice . . ." and conduct which is "likely to deceive" and is "fraudulent" within the meaning of Section 17200.

150.    As more fully described above, Defendants' acts and practices are likely to deceive, constituting a fraudulent business act or practice. This conduct is ongoing and continues to this date.

151.    Specifically, as fully set forth above, Defendants engage in deceptive business practices with respect to mortgage loan servicing, assignments of notes and deeds of trust, foreclosure

PAGE - 48 -

of residential properties and related matters by, among other things,

    a. Instituting improper or premature foreclosure proceedings to generate unwarranted fees;

    b. Executing and recording false and misleading documents;

    c. Executing and recording documents without the legal authority to do so;

    d. Failing to disclose the principal for which documents were being executed and recorded in violation of California Civil Code Section 1095;

    e. Failing to record Powers of Attorney in connection with other recorded documents in violation of California Civil Code Section 2933;

    f. Violating the Security First Rule;

    g. Demanding and accepting payments for debts that were non-existent;

    h. Acting as beneficiaries and trustees without the legal authority to do so;

PAGE - 49 -

i.  Failing to give proper notice of a trustee's sale and the postponement of the sale pursuant to California Civil Code Sections 2924g and 2924h;

j.  Failing to comply with California Civil Code Section 2923.5;

k.  Failing to comply with the HAMP guidelines;

l.  Misrepresenting the foreclosure status of properties to borrowers; and

m. Other deceptive business practices.

n.  Plaintiff alleges that by engaging in the above described acts and/or practices as alleged herein, Defendants have violated several California laws and regulations and said predicate acts are therefore per se violations of California Business and Professions Code Section 17200, et seq.

152.  Specifically, BANK OF AMERICA, NA, and MTC FINANCIAL INC., DBA TRUSTEE CORPS represented that if Plaintiff submitted an application for a loan modification, they would timely respond and they would not foreclose on the Subject Property.

PAGE - 50 -

153.    This representation was false and fraudulent as, after Plaintiff sent in the loan modification paperwork, the Defendant denied receiving the same on multiple occasions, and waited until the arrearages were so large, that they denied the loan modification and improperly recorded a notice of default and then correctly rescinded it, and again improperly recorded an NOD and an NOTS threatening to foreclose, making sure that the property value had been devalued so that Plaintiff could not refinance or obtain any other means of saving the property.

154.    As a proximate result of BANK OF AMERICA, NA, and MTC FINANCIAL INC., DBA TRUSTEE CORPS's violations of the Rosenthal Act, Plaintiff is entitled to actual and statutory damages, attorney's fees and costs, and such other relief as the court determines is due.

155.    That as an actual and proximate cause of the conduct of the Defendants, and each of them, Plaintiff suffered damages and Plaintiff seeks compensatory damages in an amount according to proof, but in the event of default, three million

dollars; exemplary damages according to proof, in the amount of nine million dollars in the event of default, a temporary injunction, preliminary injunction during the pendency of these proceedings, and a permanent injunction, as well as costs of suit, including court costs and attorney's fees.

### NINTH CAUSE OF ACTION

### QUIET TITLE

### (AS TO DEFENDANTS MTC FINANICAL INC. DBA TRUSTEE CORPS AND BANK OF AMERICA, NA; ALL PERSONS UNKNOWN, CLAIMING ANY

### LEGAL OR EQUITABLE RIGHT, TITLE, ESTATE, LIEN, OR INTEREST IN THE PROPERTY DESCRIBED IN THE COMPLAINT ADVERSE TO PLAINTIFFS' TITLE, OR ANY CLOUD ON PLAINTIFFS' TITLE THERETO;

156.    Paragraphs 1 through 155 are re-alleged as though fully set forth herein.

157.    Plaintiff is the equitable owner of the Subject Property which has the following legal description:

PAGE - 52 -

PHYSICAL ADDRESS:  3489 Circle Rd, San Bernardino, CA 92405

**Legal Description:** APN: 0151-161-14-0-000

All that portion of Lot 7 of Tract 2508, as per Plat recorded in Book 36 of Maps, Pages 8 and 9, Records of San Bernardino County, State of California, described as follows:
Beginning at the Southwest corner of said Lot 7; thence North 76° 39' East on the Southerly line of said Lot a distance of 120 feet; thence North 03° 30'West 164.05 feet; thence South 61° 35' 30" West, 143.90 feet to a point on the Easterly line of Circle Road; thence Southerly along a curve concave to the East with a radius of 580 feet, a distance of 90.76 feet; thence along a curve concave to the West with a radius of 113 feet a distance of 34.73 feet to the point of beginning.

158.   Plaintiffs seek to quiet title against the claims of Defendants MTC FINANICAL INC. DBA TRUSTEE CORPS AND BANK OF AMERICA, NA; ALAN DAVID TIKAL; ALL PERSONS UNKNOWN, CLAIMING ANY LEGAL OR EQUITABLE RIGHT, TITLE, ESTATE, LIEN, OR INTEREST IN THE PROPERTY DESCRIBED IN THE COMPLAINT ADVERSE TO PLAINTIFF'S TITLE, OR ANY CLOUD ON PLAINTIFF'S TITLE THERETO; (collectively referred to herein as the "Title Plaintiff") as the Title

Plaintiff holds herself out as entitled to fee simple ownership of the Subject Property by and through purchase of the property. In fact, the Defendants have no right to title or interest in the Subject Property and no right to entertain any rights of ownership including the right to foreclosure, offering the Subject Property for sale at a trustee's sale, demanding possession or filing cases for unlawful detainer.

159.　　Plaintiff seek to quiet title as of July 31, 2006.

160.　　Plaintiff seeks a judicial declaration that the title to the Subject Property is vested in Plaintiff alone and that the Title Defendants and each of them be declared to have no interest estate, right, title or interest in the subject property and that the Title Defendants, their agents and assigns, be forever enjoined from asserting any estate, right title or interest in the Subject Property subject to Plaintiffs' rights.

**TENTH CAUSE OF ACTION**

**REQUEST FOR PERMANENT INJUNCTION AGAINST**

**DEFENDANTS**

PAGE - 54 -

161.    1 through 160 are re-alleged as though fully set forth herein.

162.    The plaintiff has served notice of her intent to seek an injunction and other relief against the actions undertaken by the defendants with this Complaint.

163.    The defendants have served a notice of default and intent to accelerate and a notice of referral to foreclosure a copy of which is attached, EXHIBIT 16, NOTICE OF TRUSTEE'S SALE - RECORDED ON MARCH 9TH, 2018, RECORDED IN THE OFFICIAL RECORDS OF SAN BERNARDINO COUNTY, 2018-0085594.

164.    The defendants do not have the legal right to collect a debt because they are not the real party in interest; they are not the holder or owner of the original authentic note and deed of trust; are not the lawful servicers; are not the lenders as identified in the deed of trust they are trying to foreclose upon; are not the lawful assignee of the lender and the Defendant Trustee has not been lawfully substituted in as the trustee.

PAGE - 55 -

165.    The Trust cannot hold the subject note and deed of trust because the trust is closed.

166.    The Trust was the subject of a lawsuit by Ramon Pinot for fabricating foreclosure documents, as these documents are also fabricated.

167.    That the Defendants have already been the subject of a suit by the investors and lost, and ordered to pay 8.5 billion dollars, and thus are barred and collaterally estopped from asserting that their servicing was lawful and further barred and collaterally estopped from asserting that the documents they recorded in the official records are authentic.

168.    Bony Mellon as trustee for THIS EXACT TRUST was sued and LOST for fabricating documents to obtain a foreclosure, and the documents used against the Plaintiff in this action are FABRICATED and FALSE.

169.    The defendant threatens to or is procuring an act in violation of the rights of the plaintiffs respecting the subject property described herein and the plaintiffs' rights.

170.    The defendant is not the holder of any instrument, note, mortgage or otherwise, that would give them the authority to engage in or continue the pending sale.

171.    This property is unique and there is no adequate remedy at law if the property were to be unlawfully sold without first determining the validity of the documents in question, including the note and deed of trust and assignments thereon and the substitution of trustees which consists of a broken chain of substitutions.

172.    There is no adequate remedy at law or compensation would not be sufficient.

173.    The plaintiff will suffer irreparable harm absent injunctive relief.

174.    It is VERY likely that the plaintiff will prevail on the merits of this petition.

175.    The defendant will not suffer harm, loss or injury as the property has ample equity that no collateral or bond is necessary.

176.    The plaintiff is entitled to the relief demanded.

PAGE - 57 -

177.     Pecuniary compensation would not afford adequate relief;

178.     It would be extremely difficult to ascertain the amount of compensation which would afford adequate relief.

179.     The restraint is necessary to prevent a multiplicity of judicial proceedings or the obligation arises from a trust.

WHEREFORE, plaintiff demands judgment for:   A. Permanent injunction enjoining defendant from engaging selling or attempting to sell or dispose of or committing any act that will affect the title of the listed property, including recording documents into the San Bernardino County Recorder) and B. Costs of this action and other just relief.

## ELEVENTH CAUSE OF ACTION

## UNJUST ENRICHMENT AND ACCOUNTING

180.     Paragraphs 1 through 179 are re-alleged as though fully set forth herein.

181.     Now come the plaintiff Marguerite DeSelms re-allege the foregoing and allege the following claim for unjust enrichment against Defendants.

182.     The plaintiff has served notice of her intent to seek an injunction and other relief against the actions undertaken by the defendants.

PAGE - 58 -

183.    Plaintiff has conferred benefit on the defendant, who has knowledge thereof;

184.    Defendant voluntarily accepts and retains the benefit conferred; and

185.    The circumstances render the defendant's retention of the benefit inequitable unless the defendant pays the value of the benefit to the plaintiff.

186.    That an accounting of all monies paid and received to the Defendant is hereby demanded, as well as all monies paid and received to all prior defendants who claim to be predecessors in interest.

187.    That an accounting of all monies demanded from the Plaintiff, including specific proof of every item charged is hereby demanded, including inspection fees, escrow fees, interest charged, late charges imposed, and all monies claimed to be due or owing by the Defendant from the Plaintiff.

188.    That Plaintiff demanded this information in a qualified written request that the Defendant refused and refuses to answer.

PAGE - 59 -

WHEREFORE plaintiffs demand judgment against defendant for the damages specified and costs as deemed appropriate by this court.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff, MARGUERITE DESELMS hereby demands that the court grant judgment in her favor and against the Defendants, BANK OF AMERICA, NA, for:

189.   Declaration that Plaintiff is the equitable owner of the Subject Property in fee simple absolute and free of any and all claims by the Defendants, or their predecessors, successors or any other entity or person, which has the following legal description:

PHYSICAL ADDRESS: 3489 Circle Rd, San Bernardino, CA 92405

**Legal Description:** APN: 0151-161-14-0-000

All that portion of Lot 7 of Tract 2508, as per Plat recorded in Book 36 of Maps, Pages 8 and 9, Records of San Bernardino County, State of California, described as follows:
Beginning at the Southwest corner of said Lot 7; thence North 76° 39' East on the Southerly line of said Lot a distance of 120 feet; thence North 03° 30'West 164.05 feet; thence South 61° 35' 30" West, 143.90 feet to a point on the Easterly line of Circle

Road; thence Southerly along a curve concave to the East with a radius of 580 feet, a distance of 90.76 feet; thence along a curve concave to the West with a radius of 113 feet a distance of 34.73 feet to the point of beginning.

190.     That plaintiffs are ordered to have quiet title against the claims of Defendants MTC FINANICAL INC. DBA TRUSTEE CORPS AND BANK OF AMERICA, NA; ALAN DAVID TIKAL; ALL PERSONS UNKNOWN, CLAIMING ANY LEGAL OR EQUITABLE RIGHT, TITLE, ESTATE, LIEN, OR INTEREST IN THE PROPERTY DESCRIBED IN THE COMPLAINT ADVERSE TO PLAINTIFF'S TITLE, OR ANY CLOUD ON PLAINTIFF'S TITLE THERETO;

191.     That the Defendant provide the Plaintiff with an accounting of all monies paid and received to the Defendant is hereby demanded, as well as all monies paid and received to all prior defendants who claim to be predecessors in interest.

192.     That the Defendant provide the Plaintiff with an accounting of all monies demanded from the Plaintiff, including specific proof of every item charged is hereby demanded, including inspection fees, escrow fees, interest charged, late

charges imposed, and all monies claimed to be due or owing by the Defendant from the Plaintiff.

193.     That the court find that the conduct of demanding money under illegal threat of harm constituted extortion for which the Plaintiffs were entitled to compensatory damages in an amount according to proof or three million dollars, plus exemplary damages in treble that amount or nine million dollars.

194.     That the Plaintiffs suffered severe emotional distress, monetary harm, economic harm, loss of revenue, all in the sum of three million dollars or according to proof.

195.     That the Defendant's conduct be declared unconstitutional and the Defendants and each of them be temporarily enjoined, preliminarily enjoined and permanently enjoined from seeking any further compensation from the Plaintiffs, and be ordered and compelled to compensate the Plaintiffs for all harm caused to them to date and in the future.

196.     The actions of Defendants be declared unconstitutional;

197.     That the Plaintiff be awarded Compensatory damages for pain, suffering, stress, humiliation and mental anguish;

198.    That the Plaintiff be awarded Punitive damages;

199.    That the Plaintiff be awarded Attorneys' fees, interest and

costs of suit all in amount according to proof; and

200.    That the Plaintiff be awarded any other relief as the Court

deems just and equitable.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues permitted to be tried

by a jury.

## CERTIFICATION

I, MARGUERITE DESELMS, declare under penalty of perjury that

the foregoing is true and correct, except those matters which are

based on my information and belief, and as to those matters, I

believe them to be true.

_____

MARGUERITE DESELMS
PO Box 84343,
LOS ANGELES, CA 90073
310-427-1008 CELL
EMAIL: MARGDESELMS@GMAIL.COM

PAGE - 63 -